BEFORE THE FIRST DIVISION, DECEMBER 5, 1949

**No. 53775.**—Fidelity Trading Company *v.* United States, petitions 6696–R and 6707–R (New Orleans).

Opinion by OLIVER, C. J.   The petitions were dismissed.

BEFORE THE THIRD DIVISION, DECEMBER 5, 1949

**No. 53776.**—Haas Bros. *v.* United States, petition 6732–R (New York).

Opinion by CLINE, J.   From the record it appeared that the merchandise was invoiced and entered at 3 shillings 8 pence per pound and appraised as entered. Thereafter, a collector's appeal was filed and, upon stipulation of counsel, the court found the dutiable export value to be 4 shillings per pound.   At the trial a partner of the petitioner testified that he had the entry made through his broker; that on September 2, upon receiving information from said broker that the entered value might not be the correct dutiable value, he immediately wrote to the shippers of the merchandise, apprising them that they had made an error; and that they replied, enclosing a copy of a letter written to the American consul on September 10, 1947.   The letter, which is among the official papers, states in part: "On account of rapidly increasing costs of production, our selling prices for asbestos yarn have risen from 3/8d to 4/-d per lb."   In order to release the shipment, a corrected consular invoice—also among the official papers—was enclosed for the signature of the American consul.   The examiner testified that the above letter was received by him on October 7, 1947, after action on the entry had been completed.   On the record presented it was held that the petitioner acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   The petition was therefore granted.

BEFORE THE FIRST DIVISION, DECEMBER 7, 1949

**No. 53777.**—Winthrop-Stearns, Inc. *v.* United States, protest 145723–K (Detroit).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).   The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53778.**—Winthrop-Stearns, Inc. *v.* United States, protests 147745–K and 146981–K (Detroit).

Opinion by COLE, J.  It was stipulated that the merchandise in question is the same in all material respects as the substance passed upon in *G. D. Searle* *& Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).  The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53779.**—American Ferment Co., Inc. v. United States, protest 149883–K (New York).

Opinion by COLE, J.  It was stipulated that the merchandise in question is the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).  The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53780.**—Winthrop-Stearns, Inc. v. United States, protest 150520–K (New York).

Opinion by COLE, J.  It was stipulated that the merchandise in question is the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).  The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53781.**—Colonial Sugars Company v. United States, protests 140806–K/12991 and 140807–K/12990 (New Orleans).

Opinion by COLE, J.  When the protests were called for hearing they were submitted without the introduction of any evidence to support plaintiff's contention. An examination of the official papers disclosing nothing to disturb the action of the collector, which was presumptively correct, the protests were overruled.

**No. 53782.**—International Clearing House of N. Y. et al. v. United States, protests 907396–G, etc. (New York).

Opinion by COLE, J.  The protests were dismissed.

**No. 53783.**—American Express Co. et al. v. United States, protests 128741–K/1032, etc. (Chicago).

Opinion by COLE, J.  The protests were dismissed.

**No. 53784.**—Goff & Page Company v. United States, protest 141445–K (Providence).

Opinion by COLE, J.  The protest was dismissed.